# WEST HILLS, INC. v. COMMISSION

B. D. Fancher, Bend, Oregon, represented the plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, represented the defendant.

Decision for plaintiff rendered February 3, 1969.

Petition for rehearing denied April 15, 1969.

EDWARD H. HOWELL, Judge.

This case involves the true cash value of subdivision land owned by the plaintiff in the West Hills section of Bend. The plaintiff, being dissatisfied with the values placed on the various lots by the Deschutes County Assessor for the assessment date January 1, 1967, appealed to the Deschutes County Board of Equalization and received a substantial reduction. The assessor appealed to the tax commission which reinstated the assessor's original values and plaintiff appealed to this court.

The subdivision lots involved are in various stages of development. Those on paved streets with water lines installed are considered fully developed. Other lots are partially developed with water but no paving. The remaining lots in the subdivision have been surveyed only.

The tax commission approved the assessor's method of valuing the fully developed lots on the basis of $25.00 per front foot or $2500 for a 100 front foot lot. This value was then reduced by 45 percent. The 45 percent reduction was called a "holding factor" and was applied on the theory that lots in the hands of a developer are not all sold in the first year. It was estimated that nine years would be required to dispose of all the lots and a five percent per year holding factor was allowed for nine years. By deducting the 45 percent holding factor on the $25.00 per front foot value for the fully developed lots the assessor arrived at a true cash value of $13.75 per front foot. The parties agree that this valuation approximates fair market value for the fully developed lots.

For the partially developed lots with water installed but without paving the assessor deducted $5.00 per front foot from the $25.00 starting point as the cost of installing the water lines, arriving at a $20.00 per front foot value. The 45 percent holding factor was then deducted resulting in a value of $11.00 per front foot for lots with water only. For the lots which had been surveyed only the assessor again started with $25.00, deducted the $5.00 per front foot water

cost and an additional $5.00 for paving cost to arrive at $15.00. The 45 percent holding factor was then applied resulting in a true cash value of $8.25 per front foot for lots which had been surveyed only.

The plaintiff contends that the assessor's method of valuation is erroneous and results in inflated values, particularly on the partially developed and the undeveloped lots. The plaintiff argues for an opposite approach; i.e., instead of taking the $25.00 value of the improved lots and working downward to the partially improved lots and to those which have been surveyed only, the plaintiff contends the values should be determined by starting with the bare land value, adding the cost of improvements, deducting the 45 percent holding factor and working up to the completely developed lots.

The plaintiff suggests two formulas for this approach. The plaintiff would start with a true cash value of $1000 per acre on the raw land. As one acre will produce three separate 100 front foot lots, each individual lot has a starting value of $333. To this cost of the raw land the plaintiff would add 35 cents per front foot for the cost of surveying, $3.10 a front foot as the actual cost of installing water lines and $5.00 per front foot for the cost of paving. Plaintiff would exclude the bare land cost ($3.33 per front foot) from the 45 percent holding factor and apply the deduction to the improvements only. Using this formula the front foot values would be $3.52 on the undeveloped lots, $5.23 on the lots with water but no paving and $7.98 on the fully developed lots.

Plaintiff's other formula also would start with $333 for the undeveloped lots, add 35 cents per front foot for surveying, $3.10 for water and $5.00 for paving. This would result in a value of $3.68 per front foot for the undeveloped lots, $6.78 for the lots with water only and $11.78 for the fully developed lots. Using this formula the plaintiff would not apply the 45 percent holding factor.

The primary fault with the assessor's method is that it results in a value of $8.25 per front foot for the surveyed only lots which are nothing more than raw land. With three lots available from one acre of land the result is a value of $2475 per acre. There is no evidence to support such a value for raw land in this area. As there were no sales of undeveloped lots, no market has been established. There was testimony that a 35-acre parcel of land in this area sold for $30,000 in 1963. Plaintiff's president testified that in his opinion the undeveloped land had a fair market value of $1000 per acre as of January 1, 1967.

It also appears that the assessor's valuation of $11.00 for the lots with water but no paving is incorrect. The assessor has valued the fully developed lots at $13.75 and he has also found the cost of paving to be $5.00. It would seem that if the fully developed lots are worth $13.75 the lots with water but without paving should be reduced by the cost of the paving.

■ The parties agree that the fully developed lots have a value of $25.00 per front foot. They also agree

that a holding factor is equitable because all the lots in the hands of a developer cannot be sold in one year. They disagree in the application of the holding factor to the partially developed lots. It is clear that the holding factor should not be applied to the undeveloped lots as this could result in a valuation substantially less than market value.

As the parties agree on the valuation of $25.00 per front foot on the fully developed lots and agree that a holding factor should be applied, the true cash value of the fully developed lots is found to be $13.75.

For the lots with water but no paving the value is computed by taking $13.75 (fair market value of the fully developed lots) and deducting $5.00 for the cost of paving to arrive at a value of $8.75 per front foot.

The value of the undeveloped lots is computed on the basis of $3.33 per front foot plus cost of surveying or a total of $3.68 per front foot.

## ON PETITION FOR REHEARING

B. D. Fancher, Bend, Oregon, filed a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General filed a brief for defendant.

Decision on petition for rehearing rendered April 15, 1969.

EDWARD H. HOWELL, Judge.

The defendant has filed a petition for rehearing contending in general that this court should have adopted the assessor's method of valuing the three categories of lots involved—fully developed, lots with water but without paving and undeveloped lots. In particular the defendant contends that the court erred in the computation of the value of the lots with water but without paving. The decision stated:

> "For the lots with water but no paving the value is computed by taking $13.75 (fair market value of the fully developed lots) and deducting $5.00 for the cost of paving to arrive at a value of $8.75 per front foot."

The value of the lots with water and no paving was incorrectly determined. The parties agreed on $25.00 per front foot as the true cash value of fully developed lots and also agreed on the application of the 45% holding factor. This resulted in a value of $13.75 per front foot for fully developed lots. The

court then deducted $5.00 per front foot as the cost of paving to arrive at $8.75 as the true cash value of lots with water but without paving. However, the court overlooked the fact that the $5.00 paving cost was included in the $25.00 figure which was reduced by the 45% holding factor to $13.75. Consequently, the $5.00 paving cost had already been reduced, and $2.75 ($5.00 less the 45% reduction) is the amount of paving cost which remained in the $13.75 figure. Deducting $2.75 from $13.75 results in a value of $11.00 for the lots with water but without paving. However, this valuation reaches an impractical result. A prudent investor would not pay $11.00 for lots with water but without paving if he could purchase fully developed lots for $13.75, because $5.00 has been established as the cost of paving. The anomaly arises because nothing in this method accounts for profit which is included in the $25.00 value for the fully developed lots.

■ The better method for establishing the value of the partially developed lots should be accomplished in the following manner. The parties agree on $25.00 as the true cash value of the fully developed lots and on the use of the 45% holding factor. The true cash value of $3.68 for the undeveloped lots and a cost of $5.00 each for paving and water has been established. Part of the $25.00 value includes profit and if the cost of paving or water is removed from the value of the fully developed lots, not only is the cost removed but also any profit the water or paving represented. The profit

in a $25.00 fully developed lot is $11.32 determined as follows:

| | |
|---|---|
| $ 25.00 | value of fully developed lots |
| – 3.68 | cost of undeveloped lots |
| $ 21.32 | difference between fully developed lots and undeveloped lots |
| –10.00 | cost of water and paving |
| $ 11.32 | profit present in the $25.00 fully developed lots. |

Since the only additions made to the undeveloped lots were water and paving which cost the same, one-half of the profit should be attributed to each. The value of water or paving would then be $5.00 plus $5.66 (one-half of the profit) or $10.66. The 45% holding factor would be applied as follows:

| | |
|---|---|
| $ 3.68 | value of undeveloped lots |
| 10.66 | paving value |
| 10.66 | water value |
| $ 25.00 | value of improved lots before application of 45% holding factor |
| –11.25 | less 45% holding factor |
| $ 13.75 | true cash value of fully developed lots |

Following the above method the value of lots with water but without paving would be computed as follows:

| | |
|---|---|
| $ 3.68 | value of undeveloped lots |
| 10.66 | value of water |
| $ 14.34 | |
| – 6.45 | less 45% holding factor |
| $ 7.89 | (rounded to $7.90) the value of partially developed lots with water only. |

The former opinion is modified to the extent that the value of lots with water but without paving is established at $7.90.

The defendant's petition for rehearing is denied.